UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JASON ALLEN ATTEBURY                                                PLAINTIFF

v.                                        CIVIL ACTION NO. 4:21-CV-P67-JHM

JOEY KEELIN *et al.*                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will the dismiss the claims set forth in the complaint but allow Plaintiff the opportunity to amend his complaint and order him to provide additional information concerning the state charges against him.

**I.**

Plaintiff is incarcerated as a pretrial detainee at the Hopkins County Jail. He sues the following officers of the "Madisonville Sheriff Department" in their official capacities only – Joey Keelin, Miles Dozier, Nathan Craft, Josh Travis, and Joseph Stratton.

In the "Statement of Claims" section of the complaint form, Plaintiff states:

Charges where falsely charged in INDICTMENT, and DISCOVERY proves it. As well the Search Warrants are illegal they were for a different town. Because I was arrested on charges with no backing to and discovery proves it. I am a American with constitutional rights. By swearing in under Oath these charges in a Court Room. That they had no Evidence to, an discovery proves it.

Plaintiff then lists several amendments to the U.S. Constitution.

As relief, Plaintiff seeks damages as well as "release from illegal detention."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's official-capacity claims against the five Defendant officers are against their alleged employer, the City of Madisonville. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that he suffered any harm as a result of a custom or policy implemented or endorsed by the City of Madisonville. For this reason, the Court finds that the complaint fails to state a claim upon which relief may be granted.

The Court additionally notes that Plaintiff cannot seek release from custody in this § 1983 action. The Supreme Court has held, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[1]

Before dismissing this action, however, the Court will provide Plaintiff the opportunity to sue the five Defendants in their individual capacities and describe how each Defendant took actions against Plaintiff which allegedly violated his constitutional rights.

Finally, the Court observes that based upon Plaintiff's allegations, this action may need to be stayed under *Wallace v. Kato*, 549 U.S. 384 (2007). In *Wallace*, the Supreme Court stated that "[i]f a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.").

or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 393-94 (2007). Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows**:**

1) **Plaintiff's official-capacity claims against all Defendants are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

2) Within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he sues the five Defendants in their individual capacities. In the amended complaint, Plaintiff shall specifically describe the actions taken by each Defendant which allegedly violated his constitutional rights.**

3) Within **30 days** of the entry date of this Order, **Plaintiff shall advise this Court in writing as to the status of the criminal charges against him**. Specifically, Plaintiff must state all charges filed against him arising out of the incident that is the subject of this lawsuit and, for all charges, state whether the charges have been dismissed, are still pending, or whether he has been convicted.

4) The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and this case number written in the margin.

5) The Court will conduct an initial review of the amended complaint pursuant to § 1915A.  **If Plaintiff fails to file an amended complaint within the time allotted, this action will be dismissed for the reasons stated herein.**

Date:  September 16, 2021

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
4414.011